# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JACQUELINE SMITH,

       Plaintiff,

v.                            Case No. 3:08-cv-1004-J-HTS[1]

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

       Defendant.

_____

## OPINION AND ORDER[2]

## I.  Status

    Jacqueline Smith is appealing the Social Security Administration's denial of her claims for Disability Insurance Benefits and Supplemental Security Income.  Her alleged inability to work is based on knee, neck, and left hip problems.  Transcript of Administrative Proceedings (Tr.) at 91.  Ms. Smith was ultimately found not disabled by Administrative Law Judge (ALJ)

---

[1]    The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.  Notice, Consent, and Order of Reference - Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #14).

[2]    Pursuant to § 205(a)(5) of the E-Government Act of 2002, this Order is available electronically.  It is not otherwise intended for publication or to serve as precedent.

Teresa J. Davenport on September 4, 2007. *Id.* at 13, 15C-15D. Claimant has exhausted the available administrative remedies and the case is properly before the Court.

On appeal, it is argued the ALJ "erred by not fully and fairly evaluating the evidence or alternatively by not incorporating all the limitations in the hypothetical to the vocational expert[(VE).]" Memorandum in Support of Complaint (Doc. #16; Memorandum) at 9 (emphasis and capitalization omitted).

## II. Legal Standard

This Court reviews the Commissioner's final decision as to disability[3] pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Whereas no special deference is accorded the application of legal principles, findings of fact "are conclusive if supported by substantial evidence[.]" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (internal quotation marks omitted); *see also Abioro v. Astrue,* 296 F. App'x 866, 867 (11th Cir. 2008) (per curiam); *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th

---

[3]     "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A). An ALJ must follow the five-step sequential inquiry described in 20 C.F.R. §§ 404.1520, 416.920, determining as appropriate whether the claimant 1) is currently employed; 2) has a severe impairment; 3) is disabled due to an impairment meeting or equaling one listed in the regulations; 4) can perform past work; and 5) retains the ability to perform any work in the national economy. *See also Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

Cir. 1998)).  Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Falge*, 150 F.3d at 1322 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Ingram*, 496 F.3d at 1260.  Despite the existence of support in the record, the ALJ's determination may not be insulated from remand where there is a "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted[.]"  *Ingram*, 496 F.3d at 1260 (internal quotation marks omitted); *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## III.  Discussion

### A.  Inconsistency Within Decision

Plaintiff asserts the judge "indicates that [she] can perform light duty work but then restricts her to standing no more than two hours[.]"  Memorandum at 9.  She contends this restriction on standing "would . . . place[ her] in the sedentary category of work."  *Id.*

"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. §§ 404.1567(b), 416.967(b).  The regulations further explain that, "[e]ven though the weight lifted may be very little, a job is in this category when it requires a good deal of

walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* Moreover, "[t]o be considered capable of performing a full or wide range of light work, [a claimant] must have the ability to do substantially all of these activities." *Id.* SSR 83-10 specifies "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."

It is true that Plaintiff's limitations may prevent her from performing a wide range of light work. Still, Ms. Smith's argument is unpersuasive. In the Decision, the ALJ found "that the claimant has the residual functional capacity to perform light work except she is not to lift anything overhead or perform any twisting movements." Tr. at 15A. Additionally, "[s]he can stand for 2 hours, sit for 6 hours and lift/carry a maximum of 20 pounds." *Id.* Thus, as observed by the Commissioner, *see* Memorandum in Support of the Commissioner's Decision (Doc. #18; Opposition) at 4, it is clear the judge determined Plaintiff could perform only a restricted range of light work. *Cf., e.g., Elliott v. Comm'r of Soc. Sec.*, 295 F. App'x 507, 508 (3d Cir. 2008) ("The ALJ's observation that the full range of light work requires standing or walking for six hours per day is consistent with his conclusion that [the plaintiff] possessed the [residual functional capacity] to perform light work with modifications, *i.e.*, that he not be

required to stand or walk for more than two hours per day . . . ."). Interestingly, even the VE, after hearing of the standing limitation, stated "what you describe here is light work." Tr. at 347. And no matter the nomenclature used, Plaintiff has failed to show the judge's findings are flawed such that remand on this ground would be necessary.

**B. Hypothetical**

According to Plaintiff, "[t]he hypothetical that was presented . . . is slightly different than the ultimate finding in the decision and is confusing in that regard." Memorandum at 10. She also alleges "the hypothetical is incomplete because [the j]udge . . . does not include any reaching, handling or fingering limitations[.]" *Id.*

For VE testimony to provide substantial evidence of a claimant's ability to work, the hypothetical question eliciting that testimony must have described adequately all significant impairments and other occupational factors. *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.7 (11th Cir. 2004) (question must include all impairments); *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (per curiam) (VE testimony needs to relate to person with claimant's education, skills, experience, and limitations); *Ford v. Astrue*, No. 3:07-cv-835-J-TEM, 2009 WL 789895, at *9 (M.D. Fla. Mar. 23, 2009) ("It is well established in the Eleventh Circuit that when a vocational expert is utilized at the fifth step

in the sequential evaluation process, the hypothetical questions posed must include all impairments of the particular claimant/plaintiff."). The necessity of comprehensiveness does not, of course, extend to limitations properly rejected by the ALJ. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (per curiam).

In specifying the claimant's impairments, the judge is not required to use diagnostic terms or refer to the medical conditions themselves. *See England v. Astrue*, 490 F.3d 1017, 1023 (8th Cir. 2007); *Cooper v. Comm'r of Soc. Sec.*, 217 F. App'x 450, 453 (6th Cir. 2007) (per curiam); *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). Rather, the individual's functional limitations are to be conveyed to the expert. *See England*, 490 F.3d at 1023; *Cooper*, 217 F. App'x at 453; *Webb*, 368 F.3d at 633.

Ms. Smith states that, "[i]n the hypothetical that was presented . . ., the two hour standing limitation included frequent periods to rest for a few minutes and then stand again." Memorandum at 9; *cf.* Tr. at 346-47. It is suggested, "[w]ith all due respect to [the ALJ,] it appears that she wanted to restrict the Plaintiff to light duty work with a sit/stand option." Memorandum at 10. The judge's desires are "not clear, however, [due to] the inconsistency between the hypothetical that was asked and the actual finding in the decision." *Id.*

Essentially, Plaintiff is arguing that limitations included in a hypothetical posed to a VE must be reflected in an ALJ's ultimate findings. Whereas the reverse holds true, there is no reason to require a judge to accept the existence of a limitation simply because it was added to a hypothetical question. If a VE determines an individual can perform a certain job despite the inclusion of restrictions not eventually recognized by an ALJ, *ipso facto* the job could still be performed by a less hindered person. *Cf.* Opposition at 6 ("[T]he hypothetical question was even more restrictive and the VE, nevertheless, found Plaintiff could perform her previous job. Thus, the discrepancy, if any, is not material, and would not adversely affect Plaintiff." (footnote omitted)).

Lastly, it is urged "the hypothetical is incomplete because [the j]udge . . . does not include any reaching, handling or fingering limitations[.]" Memorandum at 10. Ms. Smith indicates the evidence of these restrictions is to be found in "the State agency evaluations[, which] both discuss upper extremity limitations, although the limitations are slightly different depending on which State agency evaluation form is reviewed." *Id.; cf.* Tr. at 208 (Physical Residual Functional Capacity Assessment completed by J. Vergo Attlesey, M.D., opining unlimited reaching ability, but limited handling and fingering as to right upper extremity), 230 (Physical Residual Functional Capacity Assessment completed by Nicholas H. Bancks, M.D., noting limited reaching, yet

unlimited handling and fingering).  While she does not establish
the need for acceptance of any particular restriction, Plaintiff
argues the hypothetical was deficient since the ALJ "specifically
stated that she was combining the State agency evaluations with Dr.
[Brian E.] Haycook[.]"  Memorandum at 10.

A review of the Decision does not reveal a determination by
the judge to combine the opinions of the nonexamining state agency
physicians with those of Dr. Haycook.  Apparently, Claimant is
merely referring to a hypothetical posed to the VE.  *Cf. id.* at 7
("The second hypothetical combined the restrictions of Dr. Haycook
and the State agency evaluations.").  At the hearing, as part of
her second hypothetical, the judge mentioned she was using
"restrictions . . . from Dr. Haycook, from Jack's Orthopedic, and
from the agency eval[uation(s)], sort of putting them all
together."  Tr. at 346.  It is not necessarily the case that the
judge intended to include every single limitation noted by these
sources.  However, even if the ALJ meant to do so, such is
immaterial unless she ultimately accepted, or should have accepted,
the presence of limitations not included in the hypothetical.  In
the Decision, the judge did not find Claimant suffered from
reaching, handling, or fingering problems.  *See id.* at 15A.

As alluded to above, Ms. Smith has not shown the ALJ was
required to accept any specific handling, reaching, or fingering
restriction.  She cites "a diagnosis of bilateral carpel tunnel[.]"

Memorandum at 10. Yet, a "mere diagnosis . . . says nothing about the severity of the condition." *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam); *Kelley v. Astrue*, No. 5:08-cv-5-Oc-GRJ, 2009 WL 2731341, at *8 n.32 (M.D. Fla. Aug. 26, 2009); *see also Scull v. Apfel*, 221 F.3d 1352, No. 99-7106, 2000 WL 1028250, at *1 (10th Cir. July 26, 2000) (Table) ("[D]isability determinations turn on the functional consequences, not the causes, of a claimant's condition[.]"). Moreover, the nonexaminers' opinions themselves are deficient and inconsistent. One indicates unlimited reaching, *see* Tr. at 208, and the other denotes unlimited handling and fingering. *See id.* at 230; *cf. id.* at 325 (testimony Plaintiff had done "some sewing" work during the relevant period), 327 (reason cannot work confined to pain in neck, shoulder, and knees). Accordingly, there is no agreement as to whether any of the three abilities at issue are limited at all and Plaintiff's assertion these mutually exclusive opinions are only "slightly different[,]" Memorandum at 10, 11, is not altogether accurate. Further, neither evaluation, despite the forms' instructions, "explain[s] how and why the evidence supports [the] conclusions" offered. Tr. at 208, 230. The judge will not be faulted with regard to these reports.[4]

---

[4] It is observed the ALJ discussed the evidence from Dr. Haycook, who "has treated the claimant for complaints of neck, shoulder, and wrist pain." *Id.* at 15B. Additionally, Plaintiff does not in her argument point to a single treating or examining physician who assessed limitations of the activities at issue.

## IV. Conclusion

In accordance with the foregoing, the Clerk of the Court is directed to enter a judgment pursuant to sentence four of 42 U.S.C. § 405(g), and as incorporated by 42 U.S.C. § 1383(c)(3), **AFFIRMING** the Commissioner's decision.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of October, 2009.

/s/        Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
     and pro se parties, if any